SALCINES, Judge.
Ricky Maurice Collins appeals his convictions for two counts of child neglect. We affirm his conviction as to count one because the trial court properly submitted the case to the jury and there was substantial competent evidence to support the jury’s determination that Collins willfully neglected a child in violation of section 827.03(3)(c), Florida Statutes (1999). However, we reverse his conviction as to count two.
Collins was charged in a two-count information. In count one, Collins was charged with child neglect causing great bodily harm, permanent disability, or permanent disfigurement. In count two, he was charged with willful or culpably negligent child neglect. The jury returned a guilty verdict on count one for child neglect, a lesser-included offense. It also returned a guilty verdict on count two for child neglect as charged.
Collins filed a notice of appeal challenging both convictions and, prior to submitting his brief to this court, he filed a motion with the trial court to correct his sentence. In that motion, Collins asserted that his adjudications and sentences on the multiple counts of child neglect for which he was convicted violated double jeopardy. In response to that motion, the trial court vacated Collins’ sentence as to count two but did not strike the corresponding portion of the judgment which adjudicated him guilty. On appeal, Collins asserts that, barring appellate relief on his argument concerning the propriety of either conviction, this court should instruct the trial court to enter an amended judgment which reflects that he was convicted of only one count of child neglect. The State maintains that the judgment should not be amended, but it has not otherwise challenged the propriety of the trial court’s decision to vacate the sentence as to count two.
We do not fault the trial court for maintaining the status quo of a substantive portion of the final judgment during the pendency of this appeal. However, we agree that Collins’ judgment should ultimately be amended since one of the corresponding sentences has been vacated on double jeopardy grounds, and the State has not challenged the vacation of that sentence. Indeed, this court has recognized that, subsequent to the implementation of sentencing guidelines, appellate courts generally vacated “both the adjudication of guilt and the sentence associated with a second offense which presented] a double jeopardy problem.” Kurtz v. State, 564 So.2d 519, 521 (Fla. 2d DCA 1990) (holding subsequently limited to cases not involving a “bargained plea” as explained in Novaton v. State, 634 So.2d 607 (Fla.1994)). An underlying reason to vacate both the judgment and the sentence was that, under this state’s sentencing guide *1233 lines, an adjudication of guilt had the potential to be scored against the defendant as an additional or a prior offense. See Kurtz, 564 So.2d at 521.
Similarly, under the present sentencing scheme, although Collins has been relieved of the sentence on count two based upon his double jeopardy claim, the judgment reflecting his guilt as to that count has the potential to adversely affect him in any future sentencing matters. Accordingly, we reverse the portion of the judgment reflecting Collins’ guilt as to count two and remand with instructions to vacate that portion of the judgment.
Affirmed in part; reversed in part and remanded.
STRINGER and SILBERMAN, JJ„ concur.