875 So.2d 642 (2004)
Manuel RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5250.
District Court of Appeal of Florida, Second District.
February 25, 2004.
Rehearing Denied June 24, 2004.
*643 James Marion Moorman, Public Defender, and Ronald S. Tulin, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
In August 2000, Manuel Rodriguez, with a blood alcohol level over four times the legal limit and without a valid driver's license, stole a car and, while fleeing the scene, almost immediately ran head-on into a motorcycle, causing the death of the motorcycle driver and serious bodily injury to the motorcycle's passenger. The State filed a multicount information against him, and a jury found him guilty of all counts as charged. He was adjudicated and sentenced on all but two of the counts. On appeal, his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising a possible arguable issue about an allegedly impermissible comment on his right to remain silent. Besides agreeing with Mr. Rodriguez's appellate counsel's Anders conclusion, the State's response noted a minor sentencing error. Mr. Rodriguez took advantage of his right to file a pro se brief in which he raised two issues. He claimed the court should not have allowed the results of his breath alcohol test into evidence and that his sentencing violates the state and federal constitutional right against twice being put in jeopardy. After independently reviewing the entire record and applicable law, we ordered both counsel to file supplemental briefs on the double jeopardy issue that Mr. Rodriguez raised. Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Having received these supplemental briefs, we conclude that there is no merit in the issue counsel raised on the allegedly improper comment on Mr. Rodriguez's right to remain silent or the issue Mr. Rodriguez raised on admitting the breath alcohol test results. We do, however, find a double jeopardy violation and reverse.
For the death of the motorcycle driver and serious bodily injury to the motorcycle passenger, the State filed an information against Mr. Rodriguez containing nine counts: (1) vehicular homicide, (2) third-degree murder, (3) DUI manslaughter, (4) leaving the scene of an accident resulting in death, (5) leaving the scene of an accident resulting in serious bodily injury, (6) DUI with serious bodily injury, (7) driving while license suspended with death resulting, *644 (8) driving while license suspended with serious bodily injury resulting, and (9) grand theft auto. The jury found him guilty of all counts as charged. At the sentencing hearing, the State removed two convictions from the scoresheet because of double jeopardy concerns: count one-the vehicular homicide conviction-because there was only one death, and count eight-a driving while license suspended conviction-because there was only one accident. After the scoresheet was computed using the seven remaining counts, the court imposed the statutory maximum sentence for each count, all sentences to run concurrently. Despite the prosecutor's double jeopardy concerns and concession on the sentencing for counts one and eight, written sentences on all nine counts were filed imposing the statutory maximum sentence for each.[1]
The primary issue presented is whether the protections provided by the Double Jeopardy Clauses of the United States and Florida Constitutions afford Mr. Rodriguez relief from his convictions, sentences, or both. Three basic protections emanate from the Double Jeopardy Clause. It protects against a second prosecution for the same offense following an acquittal, against a second prosecution for the same offense after a conviction, and against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); State v. Wilson, 680 So.2d 411, 413 (Fla.1996). Implicated here are the last two protections.
We first consider whether Mr. Rodriguez's two homicide convictions for counts two and three violate the protections afforded by the Double Jeopardy Clause. In Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Supreme Court resolved the issue of "whether the prosecution and conviction of a criminal defendant in a single trial on both a charge of `armed criminal action' and a charge of first degree robbery-the underlying felony-violates the Double Jeopardy Clause of the Fifth Amendment." 459 U.S. at 360, 103 S.Ct. 673. Citing Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court said:
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
Missouri v. Hunter, 459 U.S. at 366, 103 S.Ct. 673. "Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger test, as codified in section 775.021, Florida Statutes (1997), to determine whether separate offenses exist." Gordon v. State, 780 So.2d 17, 19-20 (Fla. 2001); see also Jones v. State, 608 So.2d 797 (Fla.1992) (holding that the Double Jeopardy Clause was not violated by two convictions arising from the same criminal episode because the crimes of attempted burglary and possession of burglary tools each had an element the other did not, and were thus separate crimes). Like the charges that Mr. Rodriguez faced here, the charges facing the defendant in Missouri v. Hunter resulted from the same behavior, passed the Blockburger test, and were thus considered separate offenses because they were obtained at one trial and required proof of different facts. We also find that there is no double jeopardy violation in the convictions for DUI manslaughter *645 and leaving the scene of an accident involving death based on one accident and one death according to Laurence v. State, 801 So.2d 293 (Fla. 2d DCA 2001) (en banc), review denied, 821 So.2d 297 (Fla. 2002). We stop short, however, of affirming the adjudications of both counts two and three, as we will explain below.
In the sentencing scheme employed in Mr. Rodriguez's case, a double jeopardy violation has occurred because more than one homicide punishment was imposed for a single death. We note that in Missouri v. Hunter the Supreme Court remanded the case because the Missouri Supreme Court had "misperceived the nature of the Double Jeopardy Clause's protection against multiple punishments. With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." 459 U.S. at 366, 103 S.Ct. 673. For the one death he caused, Mr. Rodriguez received sentences for both DUI manslaughter and third-degree murder. These two sentences for homicide counts cannot stand because the Florida Supreme Court has construed legislative intent in this precise context. Houser v. State, 474 So.2d 1193 (Fla.1985).
In Houser, our supreme court answered the following certified question: "Whether a defendant may be sentenced for both DWI manslaughter and vehicular homicide for effecting a single death." 474 So.2d at 1195. To reach its conclusion, the court first applied a Blockburger analysis and then the rule of statutory construction requiring that courts assume, in the absence of specific language to the contrary, that the legislature does not intend to punish the same offense under two different statutes. Using these two tests, the supreme court concluded that where only one death was caused an offender may not be punished for both DWI manslaughter and vehicular homicide. Houser, 474 So.2d at 1197.
This rule retains viability today as our supreme court recently stated in Gordon:
In a similar argument, Gordon highlights the principle that convictions for both premeditated murder and felony murder are impermissible when only one death occurred. See Goss v. State, 398 So.2d 998, 999 (Fla. 5th DCA 1981). We have held repeatedly that section 775.021 did not abrogate our previous pronouncements concerning punishments for singular homicides. See Goodwin v. State, 634 So.2d [157] 157-58 [(Fla.1994)] (Grimes, J. concurring) ("I believe that the Legislature could not have intended that a defendant could be convicted of two crimes of homicide for killing a single person."); State v. Chapman, 625 So.2d 838, 839 (Fla.1993); Houser v. State, 474 So.2d 1193, 1196 (Fla.1985) (noting that "only one homicide conviction and sentence may be imposed for a single death"). Indeed, this principle is based on notions of fundamental fairness which recognize the inequity that inheres in multiple punishments for a singular killing.
Gordon, 780 So.2d at 25 (three citations omitted). Applying the rule set forth in Houser and reaffirmed in Gordon, we hold the trial court erred in sentencing Mr. Rodriguez for both DUI manslaughter and third-degree murder for a single death.
However, our analysis does not end at this point. In Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990), disapproved of on other grounds in Novaton v. State, 634 So.2d 607 (Fla.1994) (holding that a defendant's acceptance of sentencing pursuant to a bargained for plea agreement waives any double jeopardy violations), we determined that it was necessary to vacate not only the sentence but *646 also the accompanying adjudication of guilt so as to avoid scoring "`unsentenced' convictions." 564 So.2d at 521. We have continued to follow this reasoning, noting that "this court has recognized that, subsequent to the implementation of sentencing guidelines, appellate courts generally vacated `both the adjudication of guilt and the sentence associated with a second offense which present[ed] a double jeopardy problem.'" Collins v. State, 821 So.2d 1231, 1232 (Fla. 2d DCA 2002) (citing Kurtz, 564 So.2d at 521).
Accordingly, we affirm in part, reverse in part, and remand. The adjudications and sentences for counts three through seven and count nine shall stand, but we direct that the trial court strike the adjudication for count two, and the sentences for counts one, two, and eight.
FULMER and NORTHCUTT, JJ., Concur.
NOTES
[1] Sentencing for nine counts when the State conceded that only seven required imposition of punishment is the minor sentencing error raised in the State's brief.