924 So.2d 985 (2006)
Manuel RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-4540.
District Court of Appeal of Florida, Second District.
April 12, 2006.
*986 James Marion Moorman, Public Defender, and Jean Marie Henne, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Manuel Rodriguez appeals the trial court's sentence, after remand, for multiple criminal counts arising from a vehicular accident. We are compelled to reverse because the trial court did not follow our mandate.
The jury convicted Mr. Rodriguez on nine counts: vehicular homicide (count 1); third-degree murder (count 2); DUI manslaughter (count 3); leaving the scene of an accident resulting in death (count 4); leaving the scene of an accident resulting in serious bodily injury (count 5); DUI with serious bodily injury (count 6); driving while license suspended with death resulting (count 7); driving while license suspended with serious bodily injury (count 8); and grand theft auto (count 9).
At the original sentencing hearing, the State voluntarily deleted counts 1 and 8 from the scoresheet, ostensibly to avoid double jeopardy issues. Rodriguez v. State, 875 So.2d 642, 644 (Fla. 2d DCA 2004). Accordingly, the State computed Mr. Rodriguez's sentencing scoresheet using the convictions for only counts 2 through 7 and count 9. The trial court, however, sentenced Mr. Rodriguez on all nine counts.
On appeal, we held that the trial court erred in sentencing Mr. Rodriguez for nine counts after the State conceded that only seven required imposition of punishment. Id. We reversed the sentences on counts 1 and 8 and directed the trial court to strike them on remand. Id. at 646. We also held that the adjudication for both third-degree murder (count 2) and DUI manslaughter (count 3) violated double jeopardy protections because the trial court imposed "more than one homicide punishment . . . for a single death." Id. at 645 (citing Houser v. State, 474 So.2d 1193, 1197 (Fla.1985)). Therefore, we reversed the adjudication and sentence for count 2. Id. at 646.
Although our opinion was unambiguous, the State entreated the trial court to allow the State to decide which homicide sentence to strike. On remand, the trial court struck the adjudication and sentence for count 2 and the sentence for count 8 as directed. But, instead of striking the sentence for vehicular homicide (count 1), the trial court resentenced Mr. Rodriguez on that count and struck the sentence for DUI manslaughter (count 3).
The trial court erred in failing to comply with our mandate. In carrying out an appellate mandate, the trial court's role is purely ministerial. Straley v. Frank, 650 So.2d 628, 628 (Fla. 2d DCA 1994) (citing O.P. Corp. v. Village of N. Palm Beach, 302 So.2d 130, 131 (Fla.1974)). It cannot "deviate from the terms of an appellate mandate." Mendelson v. Mendelson, 341 So.2d 811, 813-14 (Fla. 2d DCA *987 1977). Accordingly, we reverse and remand for resentencing conforming to our prior mandate.
Reversed and remanded.
CANADY and WALLACE, JJ., Concur.