PER CURIAM.
Appellant, Sidney Carvalho, appeals the summary denial of his rule 3.850 motion. Carvalho was charged by information with count I, DUI manslaughter/unlawful blood alcohol; count II, DUI manslaughter/impaired faculties; count III, leaving the scene of an accident involving death; and count IV, driving while license suspended causing death. In exchange for his no contest plea on counts II and III, the State agreed to dismiss counts I and IV.
*645 In his post-conviction motion, Car-valho alleged his plea was involuntary because (1) he did not understand he could not be convicted of all four counts, (2) he received no benefit from the State’s agreement to drop counts I and IV, and (3) he was misinformed about the maximum sentence he could receive if he went to trial. According to Carvalho, the trial court told him he could be sentenced up to thirty-five years in prison and his counsel said if he did not accept the State’s plea offer, then he would likely lose at trial and could expect to receive the thirty-five-year sentence. Carvalho further stated that his counsel misadvised him that the State’s offer to dismiss two counts would significantly reduce his maximum sentence and that had he not received this misadvice and had he known he could not be convicted of all four offenses, he would have elected a jury trial.
Carvalho is correct in that he could not be convicted of all four counts for causing the death of a single victim. See State v. Cooper, 634 So.2d 1074 (Fla.1994). Likewise, the maximum sentence he could receive was only thirty years in prison. See §§ 316.027(1)(b), 316.193(3)(c)3.a., Fla. Stat. (2002); Rodriguez v. State, 875 So.2d 642 (Fla. 2d DCA2004).
We conclude that Carvalho has stated a legally sufficient claim. The circuit court’s order is therefore reversed and this cause is remanded for an evidentiary hearing or attachment of portions of the record that conclusively refute appellant’s claim.
STEVENSON, C.J., GUNTHER and HAZOURI, JJ., concur.