**Otis M. McELROY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 71A05–0610–PC–606.

Court of Appeals of Indiana.

April 17, 2007.

Susan K. Carpenter, Public Defender of Indiana, Deidre R. Eltzroth, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Otis M. McElroy appeals the post-conviction court's denial of his petition for post-conviction relief. Specifically, McElroy contends that his guilty plea counsel was ineffective for failing to make a double jeopardy objection during his sentencing hearing concerning the entry of judgments of conviction on both operating a vehicle with a 0.10 blood alcohol content causing death and failure to stop after an accident resulting in death. Because principles of double jeopardy do not prohibit the entry of judgments of conviction for both operating a vehicle with a 0.10 BAC causing death and failure to stop after an accident resulting in death, McElroy's guilty plea counsel was not ineffective for failing to make a double jeopardy argument. We therefore affirm the post-conviction court's denial of McElroy's petition for post-conviction relief.

## Facts and Procedural History

On July 22, 2000, McElroy drank "two or three double duces"—which equates to forty-four or sixty-six ounces of beer—drove his car while intoxicated, and collided with a car driven by Bryan Przbylski, which caused Przbylski's death. Ex. B at 25. Following the accident, McElroy got out of his car and left the scene on foot. McElroy later had a blood test performed, and his blood alcohol content was at least 0.10 grams of alcohol per one hundred milliliters of blood.

The State charged McElroy with: Count I, Operating a Vehicle with an Alcohol Concentration Equivalent to at Least 0.10 Gram of Alcohol Causing Death, a Class C felony;[1] Count II, Failure to Stop after an Accident Resulting in Death as a Class C felony;[2] and Count III, Operating While Intoxicated as a Class A misdemeanor.[3]

In March 2001, McElroy pled guilty to all three counts as charged without a plea agreement. During the April 2001 sentencing hearing, the trial court merged Count III into Count I, sentenced McElroy to eight years on each of the class C felonies, and ordered that these sentences be served consecutively. Thus, McElroy received an aggregate sentence of sixteen years.

In December 2003, McElroy filed a petition for post-conviction relief, which he later amended in May 2006. In his amended petition, McElroy alleged that: The double jeopardy violation occur[red] here because Petitioner McElroy's conviction for Leaving the Scene of an Accident was elevated to a Class C felony based upon the same death that formed the basis for his Class C felony conviction for Operating a Motor Vehicle with at least .10% BAC Resulting in the Death of Another Person.

Appellant's App. p. 53. The post-conviction court held a hearing on McElroy's post-conviction petition and then issued findings of fact and conclusions of law denying McElroy's petition. Specifically, the trial court's order provided that "entering convictions on both Count I and Count II is not violative of double jeopardy [because] [e]ach count requires unique evidentiary facts which is not required by the other" and that McElroy's guilty plea counsel was not ineffective. *Id.* at 95. McElroy now appeals.

## Discussion and Decision

■ Before addressing McElroy's claim of error, we note the general standard under which we review the denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher*, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

■ We also note that the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post–Conviction Rule 1(6). "A post-conviction court's findings

---

1. Ind.Code § 9–30–5–5 (2000). This statute has been subsequently amended, and currently, the required blood alcohol content level is 0.08 grams.

2. Ind.Code §§ 9–26–1–1; 9–26–1–8(a)(2).

3. Ind.Code § 9–30–5–2.

and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.*

McElroy argues that his guilty plea counsel was ineffective for failing to make a double jeopardy objection during his sentencing hearing concerning the entry of judgments of conviction on his two convictions that were both enhanced to Class C felonies by the death of the victim. Specifically, McElroy contends that his guilty plea counsel engaged in deficient performance because he failed to argue that the judgment of conviction for failure to stop should not have been entered as a Class C felony where he was also convicted of Class C felony operating a vehicle with a 0.10 BAC causing death.

■ We must initially note that, generally, a defendant who pleads guilty is not allowed to raise a double jeopardy challenge to his convictions. Specifically, the Indiana Supreme Court has explained, "[D]efendants who plead guilty to achieve favorable outcomes give up a plethora of substantive claims and procedural rights, such as challenges to convictions that would otherwise constitute double jeopardy." *Lee v. State,* 816 N.E.2d 35, 40 (Ind. 2004) (citation omitted). Here, however, McElroy pleaded guilty as charged without the benefit of a plea agreement. He did not have any charges reduced or dismissed, and the State did not recommend that he receive any sort of cap or limit to his sentence. Therefore, his guilty plea was not entered to achieve some sort of advantageous position. Accordingly, he

may raise a double jeopardy argument following his guilty plea.

To prevail on his claim of ineffective assistance of counsel, McElroy must demonstrate that (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms and (2) counsel's performance prejudiced the defendant to the extent that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Segura v. State,* 749 N.E.2d 496, 500–01 (Ind.2001) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

■ The State first argues that McElroy has failed to show that his counsel's performance was deficient because McElroy "failed to present any evidence [via testimony or affidavit] that trial counsel failed to advise [McElroy] of the double jeopardy implications of his guilty plea." Appellee's Br. p. 7. We disagree. It is generally true that a petitioner's failure to present evidence from counsel can support an inference that counsel would not have corroborated the petitioner's allegations. *See Dickson v. State,* 533 N.E.2d 586, 589 (Ind.1989). However, that proposition is applicable when the petitioner's allegations involve questions of fact or issues involving credibility. "Effectiveness of counsel is a mixed question of law and fact." *Segura,* 749 N.E.2d at 501. Here, the issue is a pure question of law regarding whether entry of judgments of conviction and the resulting sentences violate the prohibition against double jeopardy. Thus, the State's argument fails.

■ McElroy argues that his counsel was ineffective for failing to raise a double jeopardy argument during his sentencing hearing because his convictions violate the prohibitions against double jeop-

ardy under the Indiana Constitution *and* the rules of common law. McElroy is not entitled to relief under the Indiana Constitution.

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Richardson v. State,* 717 N.E.2d 32, 49 (Ind.1999). Under either the statutory elements test or the actual evidence test, it is clear that the essential elements of failure to stop after an accident resulting in death do not establish the essential elements of operating a vehicle with a 0.10 BAC causing death. The former offense requires proof of failing to stop, and the latter offense requires proof of operating a vehicle with a 0.10 BAC. McElroy's convictions do not violate the Indiana Constitution.

 However, as the State notes, the "primary thrust" of McElroy's argument is that his two convictions violate "certain non-constitutional forms of double jeopardy that are based on statutory and common law." Appellee's Br. p. 9. The Indiana Supreme Court has "long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson.*" *Pierce v. State,* 761 N.E.2d 826, 830 (Ind.2002) (citing *Richardson,* 717 N.E.2d at 55 (Sullivan, J., concurring)). One of these rules is that double jeopardy is violated where "[c]onviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has

been convicted and punished." *Guyton v. State,* 771 N.E.2d 1141, 1142 (Ind.2002) (quoting *Richardson,* 717 N.E.2d at 56 (Sullivan, J., concurring)). Specifically, in his concurrence in *Richardson,* Justice Sullivan explained:

> The legislature has provided that the punishment classification of certain crimes may be enhanced if the behavior [that] constitutes the crime is accompanied by certain specified additional behavior or causes certain specified additional harm. In situations where a defendant has been convicted of one crime for engaging in the specified additional behavior or causing the specified additional harm, that behavior or harm cannot also be used as an enhancement of a separate crime; either the enhancement or the separate crime is vacated. Recent examples include *Kingery v. State,* 659 N.E.2d 490, 496 (Ind.1995), and *Moore v. State,* 652 N.E.2d 53, 60 (Ind.1995), both reducing a Class A enhancement to a robbery conviction because the very same killing that was the basis of the enhancement was also the basis of a murder conviction.

*Richardson,* 717 N.E.2d at 56 (Sullivan, J., concurring) (footnote omitted). McElroy contends that his trial counsel was ineffective for failing to object based on this non-constitutional double jeopardy prohibition. We cannot agree.

This case is distinguishable from those cases cited by Justice Sullivan in support of the above conclusion, *Kingery* and *Moore.* In both cases, the Indiana Supreme Court reduced convictions for robbery as a Class A felony to robbery as a Class C felony because the enhancements for serious bodily injury were based on the same killings that supported the defendants' convictions for murder. *Kingery,*

659 N.E.2d at 495–96 (shooting the victim); *Moore*, 652 N.E.2d at 60 (beating and stabbing the victim). In other words, the defendant in each case was punished twice for the exact same act.

Here, on the other hand, McElroy has not been punished twice for the same act. Rather, he has been punished for one act—causing Przbylski's death—and a second, sequential act—failing to stop after the accident. And even though failing to stop after an accident is a more serious crime when the accident results in death, it cannot be said that the crime is enhanced because of any behavior on the defendant's part. The enhancement is based on the circumstances of the accident, i.e., because a death was involved. This represents a policy decision by our legislature that failing to stop after an accident resulting in death is itself a very serious crime completely separate from whether the defendant caused the victim's death. *See* Ind. Code § 9–26–1–1 (establishing that the duty to stop at the scene of an accident arises when a driver is "involved" in an accident). Therefore, this is not a case where, as Justice Sullivan put it, "a defendant has been convicted of one crime for engaging in the specified additional behavior or causing the specified additional harm" and that behavior or harm has been used as an enhancement of a separate crime. *See Richardson*, 717 N.E.2d at 56 (Sullivan, J., concurring).

At least one other court has, on substantially similar facts, rejected the same nonconstitutional, common law argument made by McElroy. In *Lawrence v. Florida*, 801 So.2d 293 (Fla.Dist.Ct.App.2001) (2d Dist. *en banc*), *rev. denied*, the defendant was convicted of both DUI manslaughter and leaving the scene of an accident involving death. The Florida Court of Appeals, Second District, sitting *en banc*, first determined that the defendant's convictions did not violate the constitutional prohibition on double jeopardy. *Id.* at 294 (citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). The defendant also argued that "the legislature did not intend that a single death could be used to 'enhance' two different crimes[.]" *Id.* The Court disagreed: "Even though both offenses include death as an element, convictions for both of these offenses based upon one accident are not contrary to legislative intent and do not constitute double jeopardy." *Id.* The Court explained:

> In this case, although the offense of leaving the scene of an accident involving death requires a showing that the defendant was involved in an accident resulting in death, *it does not require a showing that the defendant actually caused the death.* Ms. Lawrence was only charged with one offense that included an element of causation, the DUI manslaughter charge. Thus, Ms. Lawrence was appropriately punished once for having caused one death.

\* \* \* \* \* \*

> Here, Ms. Lawrence's offenses arose from two separate acts that occurred sequentially. She first operated her vehicle while intoxicated and caused a death. Thereafter, she left the scene of the accident when she knew or should have known of the death.

*Id.* at 295 (emphasis added) (citation omitted); *see also Rodriguez v. State*, 875 So.2d 642, 644–45 (Fla.Dist.Ct.App.2004) (following *Lawrence*), *reh'g denied*. McElroy, like Lawrence, committed two separate offenses.

McElroy's counsel's failure to make a double jeopardy argument based on the common law double jeopardy restriction does not constitute deficient performance. As such, we need not reach the question of

prejudice. We affirm the post-conviction court's denial of McElroy's petition for post-conviction relief.

Affirmed.

BAKER, C.J., and BAILEY, J., concur.