## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 30 2016, 7:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Davis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 30, 2016<br><br>Court of Appeals Case No.<br>16A04-1609-CR-2053<br><br>Appeal from the Decatur Superior Court<br><br>The Honorable Matthew D. Bailey, Judge<br><br>Trial Court Cause No.<br>16D01-1603-F3-207 |

**Altice, Judge.**

**Case Summary**

[1] In an open plea, Robert A. Davis pled guilty as charged to Level 3 felony aggravated battery (Count 1), Level 5 felony criminal confinement (Count 2), Level 5 felony battery (Count 3), and Level 6 felony strangulation (Count 4). The trial court entered judgments of conviction and sentences only on Counts 1, 2, and 3. Davis received an aggregate sentence of fifteen years with six months suspended to probation and the remainder executed. Davis presents three issues on appeal:

> 1. Does the abstract of judgment require correction?
>
> 2. Do Davis's multiple convictions violate our state prohibitions against double jeopardy?
>
> 3. Is Davis's sentence inappropriate in light of his character and the nature of the offenses?

[2] We affirm.

## Facts & Procedural History

[3] On March 16, 2016, Davis's girlfriend, J.P., became angry over his use of methamphetamine that morning and indicated that she was leaving him. Davis refused to give J.P. her cellphone, so she left the home on foot. Davis chased her into a neighbor's driveway as J.P. screamed. He caught up with her and slammed her to the ground. Davis then got on top of J.P. and strangled her with his hands until she lost consciousness and urinated herself. Thereafter, Davis dragged J.P. by the feet across an alley and up a hill to a grassy area

behind a house. J.P. eventually regained consciousness and stood up, though she did not have her bearings yet. Davis then walked up to her and head butted her in the face.

[4] Neighbors witnessed the incident and called 911. Officer Chris Bridges with the Greensburg Police Department arrived right after J.P. was head butted. J.P. was visibly shaken and wiping blood from her face. Officer Bridges observed a number of injuries to J.P. during his investigation: bloody nose and mouth; swelling and bruising to the bridge of her nose; abrasions to her lip, wrist, and hands; swollen raised knots on the top of her head; and bruising around her neck/collar bone area. Additionally, J.P. complained of pain with respect to her nose, head, and throat. J.P. also had an altered voice after the attack.

[5] Davis was hostile and angry upon his arrest. He stated several times to Officer Bridges that he never touched J.P. Upon being processed in the jail, however, Davis indicated that he hit her in the face with the palm of his hand.

[6] On March 17, 2016, the State charged Davis with Counts 1 through 4 as set out above. Without the benefit of a plea agreement, Davis pled guilty as charged on July 13, 2016, and the trial court took the pleas under advisement. At the sentencing hearing on August 10, 2016, the trial court accepted Davis's guilty plea as to each charge. Davis and the State agreed that Count 4 (strangulation) should be merged with Count 1 (aggravated battery) to alleviate double jeopardy concerns. Accordingly, the trial court entered judgments of conviction and sentences on only Counts 1, 2, and 3. The court sentenced Davis to fifteen

years with all but six months executed on Count 1 and five years executed on both Counts 2 and 3. The sentences were ordered to be served concurrently. Davis now appeals.

## Discussion & Decision

### 1. Abstract of Judgment

[7] Davis argues that his abstract of judgment needs to be amended to clarify that he does not have a conviction for strangulation. Contrary to Davis's assertion, we do not find that the record lacks clarity regarding Count 4.

[8] Our Supreme Court has made clear that "a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is 'unproblematic' as far as double jeopardy is concerned." *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006). In other words, "a defendant's constitutional rights are violated when a court enters judgment twice for the same offense, but not when a defendant is simply found guilty of a particular count." *Id.*

[9] In this case, the record indicates that a formal judgment of conviction was entered for Counts 1, 2, and 3. With respect to Count 4, the judgment of conviction and sentencing order expressly states that the trial court merged Count 4 into Count 1 and did not enter judgment of conviction on Count 4. Similarly, the abstract of judgment demonstrates that Count 4 was merged, rather than reduced to judgment, and that Davis was never sentenced for that

count. *See id.* (finding no reason to order vacation of a guilty plea to a lesser-included offense where judgment was only entered on the greater offense). Accordingly, we find no error in this regard.

## Double Jeopardy

[10] Next, Davis argues that his three convictions following one domestic dispute violate the double jeopardy clause of the Indiana Constitution, article 1, § 14. He contends all but one of the convictions must be vacated.

[11] In *Richardson v. State,* our Supreme Court established a two-part test for analyzing double jeopardy claims under the Indiana Constitution and concluded that two or more offenses are the "same offense" for double jeopardy purposes "if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." 717 N.E.2d 32, 49 (Ind. 1999). To find a double jeopardy violation under the actual evidence test, upon which Davis relies, we must conclude there is a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Kunberger v. State*, 46 N.E.3d 966, 970 (Ind. Ct. App. 2015). Our Supreme Court has indicated that a "reasonable possibility" requires "substantially more than a logical possibility." *Lee v. State,* 892 N.E.2d 1231, 1236 (Ind. 2008).

[12] Davis pled guilty to aggravated battery, criminal confinement, and battery without the benefit of a plea agreement. When a defendant pleads guilty, he generally waives his right to challenge his convictions on double jeopardy grounds. *See Kunberger*, 971 N.E.3d at 971 (citing *Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002)). This court has repeatedly recognized, however, that when a defendant pleads guilty without the benefit of a plea agreement there is no waiver. *See id.*; *Wharton v. State*, 42 N.E.3d 539, 540-41 (Ind. Ct. App. 2015); *Graham v. State*, 903 N.E.2d 538, 541 (Ind. Ct. App. 2009); *McElroy v. State*, 864 N.E.2d 392, 396 (Ind. Ct. App. 2007), *trans. denied*. Accordingly, we turn to the merits of Davis's double jeopardy claim.

[13] Davis complains that the State failed to parse the evidence in the charging information and the probable cause affidavit to establish separate and distinct offenses. Additionally, he argues that the injuries J.P. sustained while being choked could have been used to establish the injuries alleged in each count. Davis summarizes his double jeopardy argument in his reply brief as follows:

> The problem is that this Court cannot tell from the Record which actions support [Davis's] various crimes. The information lacks specificity concerning which act relates to which crime. Furthermore, the crimes all involve injuries but the specific injury is not related to the charged crime, leaving a real possibility that the same facts support multiple convictions.

*Appellant's Reply Brief* at 5.

[14]     Of course the facts are not laid out with the specificity that they would be had the matter proceeded to trial. Davis pled guilty and did not raise these double jeopardy claims below (even though double jeopardy was addressed with respect to Count 4). The record is, therefore, understandably slim. Regardless, a review of the probable cause affidavit, which the trial court took judicial notice of at the plea hearing, reveals that the offenses could have been established by separate and distinct facts if the case had gone to trial. Specifically, Davis committed aggravated battery when he slammed J.P. to the ground and strangled her to the point of unconsciousness and loss of bladder control. He then criminally confined her by dragging her by the feet across an alley and up a hill. Once J.P. came to and rose to her feet, Davis committed battery by head butting her. J.P. sustained injuries during each phase of the attack, including injuries to her neck, head, face, hands, and wrist.

[15]     "To find a double jeopardy violation, we must conclude there is a 'reasonable possibility' the facts used to establish the essential elements of one offense may also have been used to establish the essential elements of a second offense." *Kunberger*, 971 N.E.3d at 971. Because this requires substantially more than a logical possibility, we cannot conclude Davis's convictions violate double jeopardy. *See id*.

## Sentence

[16]     Finally, Davis contends that his fifteen-year sentence, with six months suspended, is inappropriate in light of his character and the nature of the

offenses. Pursuant to Ind. Appellate Rule 7, we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). Our review in this regard is "very deferential" to the trial court. *See Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[17] "The principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014). Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). Davis bears the burden of persuading us that his sentence is inappropriate. *See Conley*, 972 N.E.2d at 876.

[18] Davis was convicted of one Level 3 felony and two Level 5 felonies. The sentencing range for a Level 3 felony is between three and sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5(b). The range for a Level 5 felony is between one and six years, with an advisory sentence of three

years. I.C. § 35-50-2-6(b). Thus, applying the consecutive sentencing statute, Davis faced a maximum aggregate sentence of twenty-three years in prison.[1] He received a fifteen-year sentence, with six months of the sentence suspended to probation.

[19] With respect to the nature of the offense, Davis argues that the State failed to present medical documentation to demonstrate that J.P.'s injuries were far worse than those normally sustained by a victim of an aggravated battery. Such documentary evidence is not required. The extreme brutality of the protracted attack in this case is evident and clearly supportive of an aggravated sentence.

[20] Turning to his character, Davis asserts that his criminal history is minimal (two misdemeanors) and largely influenced by his untreated addiction to drugs. Neither his long history of drug abuse nor his drug-related criminal behavior is evidence of Davis's good character. For well over a decade, Davis has used illegal substances, including heroin, cocaine, and methamphetamine. Despite convictions related to his drug abuse, he has continued to use and has not sought treatment. In fact, he shot up with methamphetamine on the morning of the instant attack. The record indicates that Davis has been granted leniency

---

[1] Under I.C. § 35-50-1-2, the consecutive sentencing statute, aggravated battery constitutes a crime of violence but battery as a Level 5 felony does not. Accordingly, the total of consecutive terms of imprisonment for Counts 2 and 3 could not exceed seven years. I.C. § 35-50-1-2 (d)(2). In turn, this seven years could be run consecutive to the sixteen-year maximum for Count 1, for a total of twenty-three years.

in the past to no avail. He violated probation in 2010 and 2011 and was on pretrial release in another case at the time he attacked J.P.

[21] Neither the nature of the offenses nor Davis's character warrants a reduction of his sentence. Accordingly, his aggregate, partially-suspended fifteen-year sentence is not inappropriate, and we reject Davis's request to revise his sentence to only three years.

[22] Judgment affirmed.

[23] Riley, J. and Crone, J., concur.