## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 28 2018, 10:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Zachari Bruce,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2018

Court of Appeals Case No.
18A-CR-891

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1603-F1-2

**Bailey, Judge.**

# Case Summary

[1] Brian Zachari Bruce ("Bruce") appeals his convictions, following guilty pleas, for neglect of a dependent, as a Level 3 felony,[1] and battery, as a Level 5 felony.[2] He raises only one issue on appeal, namely, whether his convictions violate the Indiana Double Jeopardy clause.[3] We affirm.

# Facts and Procedural History

[2] In March and April of 2016, the State charged Bruce with the following: count I, child molesting, as a Level 1 felony;[4] count II, neglect of a dependent resulting in serious bodily injury, as a Level 3 felony; count III, battery resulting in serious bodily injury to a person less than fourteen years of age, as a Level 3 felony;[5] count IV, battery resulting in serious bodily injury to a person less than fourteen years of age, as a Level 3 felony;[6] count V, battery on a person less than fourteen years old, as a Level 5 felony; count VI, possession of marijuana,

---

[1] Ind. Code § 35-46-1-4(a)(1) and (2).

[2] I.C. § 35-42-2-1(b)(1) and (f)(5)(B).

[3] Generally, when a defendant pleads guilty, he waives his right to challenge his convictions on double jeopardy grounds. *Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002). However, where, as here, the defendant pleads guilty without the benefit of a plea agreement, there is no waiver. *McElroy v. State*, 864 N.E.2d 392, 396 (Ind. Ct. App. 2007), *trans. denied*.

[4] I.C. § 35-42-4-3(a)(1).

[5] I.C. § 35-42-2-1(b)(1) and (i) (2016).

[6] *Id*.

as a Class B misdemeanor;[7] and count VII, possession of paraphernalia, as a Class C misdemeanor.[8] The victim in Counts I through V was the developmentally-delayed, three-year-old son ("K.L.") of Bruce's girlfriend, with whom Bruce had been living since January 2016.

[3] On September 27, 2017, the State filed an "Information to the Trial Court" in which it indicated that the State agreed that the sentences under counts II, III, and IV should run concurrently. App. Vol. II at 49.

[4] At a November 27, 2017 guilty plea hearing, Bruce pled guilty to all charges, without the benefit of a plea agreement. Regarding count II, neglect of a dependent resulting in serious bodily injury, Bruce testified as follows:

> Defense Counsel: In regards to Count 2. Um, on or about the dates between [January 1, 2016,][9] and March 21, 2016, in Grant County, Indiana[, d]id you [at] anytime during this period have the care of K.L.?
>
> Bruce: Yes, ma'am.

---

[7] I.C. § 35-48-4-11(a)(1).

[8] I.C. § 35-48-4-8.3(b)(1).

[9] We note that defense counsel erroneously stated that the beginning date of the relevant time-period for count II was February 1, 2016, rather than January 1, 2016. Tr. at 10. However, it is clear from the Information (App. Vol. II at 21-22), the presentence investigation report (App. Vol. III at 4), and Bruce's own appeal brief (Appellant's Br. at 7), that the correct time-period was January 1, 2016, to March 21, 2016. Moreover, even if the beginning date for count II was February 1, 2016, that fact would have no effect on our analysis of Bruce's contentions on appeal.

Counsel: And while you had care of him, he was therefore a dependent of yours. … Is that correct?

Defendant: Yes.

Counsel: During that time, did you knowingly place [K.L.] in a situation that may have endangered his life or health[?] Such as, did you commit multiple batteries against him?

Bruce: Yes.

***

Prosecutor: Want to direct your attention to Count 2[,] Neglect[. U]h, when you was [sic] watching him, did he suffer the injuries of multiple fractures and did he suffer extreme physical pain because of your neglect?

Bruce: Yes.

Tr. at 10-11, 14-15.

[5] Regarding count V, battery on a person less than fourteen years old, Bruce testified as follows:

Defense Counsel: On or about January 1, 2016[,] and March 19, 2016, Grant County, Indiana—sorry[,] between those days[, w]ere you again thirty years old?

Bruce: Yes, ma'am.

Counsel: Was K.L. again three years old?

Bruce: Yes, ma'am.

Counsel: Did you knowingly and/or intentionally touch him in a rude, insolent, or angry manner?

Bruce: Yes, ma'am.

Counsel: Did that result in bodily injury, such as bruises and/or physical pain?

Bruce: Yes, ma'am.

*Id*. at 13.

[6] The trial court found that Bruce understood the nature of, and possible penalties for, the crimes charged, and that Bruce's guilty plea was knowing and voluntary. The trial court also found there was a factual basis for Bruce's plea. The court took the plea under advisement, ordered a presentence investigation report, and set a sentencing hearing.

[7] At the March 12, 2018, sentencing hearing, the State presented State's Exhibit 1, a Riley Hospital report related to K.L.'s injuries, and it was admitted without objection. The report, dated March 21, 2016, stated that K.L. was "a near 4 year old male with global developmental delay who has been [a] victim of child maltreatment in the form of repetitive episodes of physical abuse and sexual abuse as reportedly confessed by [K.L.'s mother and Bruce,] resulting in extensive near total body soft tissue injuries, spinal column vertebral body fractures, and intracranial hemorrhage." Ex. at 8. The report noted fifty-six

soft tissue injuries, multiple spinal column fractures, and brain injuries. *Id*. at 8-10. The report concluded that K.L.'s "extensive and life-threatening injuries are the result of child abuse/abusive head trauma." *Id*. at 11.

[8] "Pursuant to [Bruce's] pleas of guilty," the trial court entered judgment on all counts. Tr. at 60. In issuing its sentence, the court noted that it found that Bruce's actions against K.L. were "not a single episode of criminal conduct." *Id*. at 63. It sentenced Bruce to thirty-nine years executed in the Department of Correction for count I, child molesting; fifteen years for count II, neglect of a dependent; fifteen years for each of counts III and IV, battery causing serious bodily injury; six years for count V, battery causing bodily injury; 180 days for count VI, possession of marijuana; and sixty days for count VII, possession of paraphernalia. The trial court ordered that counts I, V, VI, and VII be consecutively served and that counts II, III, and IV be concurrently served with the other counts. This appeal ensued.

# Discussion and Decision

[9] Bruce maintains that his convictions for count II, neglect, and count V, battery, violate the Double Jeopardy Clause[10] of the Indiana Constitution. Specifically,

---

[10] Indiana's Double Jeopardy clause provides: "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14.

Bruce contends that the convictions[11] violate the "actual evidence" test articulated in *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999):

> [T]wo or more offenses are the "same offense" in violation of Article 1, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Id*. at 49 (emphasis in original). We review de novo a claim under either prong of the "same offense" standard. *E.g.*, *Jones v. State*, 976 N.E.2d 1271, 1275 (Ind. Ct. App. 2012), *trans. denied*.

[10] To show a double jeopardy violation under the actual evidence test, the "*defendant* must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Richardson*, 717 N.E.2d at 53 (emphasis added). Under this test, the reviewing court looks at the actual evidence presented to the fact-finder. *Id*. The "reasonable possibility" standard requires substantially more than a logical possibility; rather, "it turns on a practical assessment of whether the [fact-finder] may have latched on to exactly the same facts for both convictions." *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008); *see also Spivey v. State*, 761 N.E.2d 831,

---

[11] We note that a double jeopardy violation "cannot be remedied by the practical effect of concurrent sentences." *Hines v. State*, 30 N.E.3d 1216, 1221 (Ind. 2015) (quotations and citations omitted).

833 (Ind. 2002) ("[T]he Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense.").

[11] Bruce pled guilty to neglect and battery. However, the factual basis for his guilty pleas consisted merely of Bruce admitting the elements of each offense. On the neglect charge, he admitted that, over a period of almost three months, he had the care of three-year-old K.L. and knowingly placed K.L. in a situation that endangered K.L.'s life or health—i.e., multiple batteries—which resulted in bodily injury that caused extreme pain. Tr. at 10-11, 14-15. These are the precise elements of neglect of a dependent resulting in serious bodily injury, as a Level 3 felony. *See* I.C. § 35-46-1-4(a)(1) and (2) (neglect); I.C. § 35-31.5-2-292 (defining "serious bodily injury"); I.C. § 35-46-1-1 (defining "dependent"). On the battery charge, Bruce admitted that, over a period of almost three months, he knowingly and/or intentionally touched three-year-old K.L. in a rude, insolent, or angry manner which caused K.L. bodily injury. Tr. at 13. Again, these are simply the elements of battery on a person less than fourteen years of age. *See* I.C. § 35-42-2-1(b)(1) and (f)(5)(B) (battery); I.C. § 35-31.5-2-29 (defining bodily injury).

[12] While these admissions provide a sufficient factual basis for the guilty plea, they provide no basis upon which we can conclude there was a double jeopardy violation under the actual evidence test. *See Kunberger v. State*, 46 N.E.3d 966, 972 and n.2 (Ind. Ct. App. 2015) (holding the defendant failed to show that the

fact-finder used the same facts for two different convictions where the only factual basis for the guilty pleas was the defendant's admissions to the elements of each crime); *see also Lumbley v. State*, 74 N.E.3d 234, 242 (Ind. Ct. App. 2017) (same), *trans. denied*. Here, as in *Kunberger*, it is "practically impossible" to make a double jeopardy determination because the factual basis for Bruce's guilty pleas consists merely of Bruce's admissions to the elements of the crimes. 46 N.E.3d at 972. And, even if we consider the facts contained in the charging information, the presentence investigation report, and the Riley report filed at the sentencing hearing, we still cannot say with any certainty that the same acts were the basis for both crimes. *Id.* This is especially true because Bruce admitted the crimes were committed over an extended period of time—i.e., almost three months—but there is no evidence as to exactly when Bruce committed the neglect and when he committed the count V battery.[12] The only evidence regarding the timing of K.L.'s injuries is contained in the Riley report, which concludes that the injuries were caused by "repetitive episodes" of abuse. Ex. at 8. Thus, the two offenses in counts two and five could have been established by separate and distinct facts, given the time span. *Kunberger*, 46 N.E.3d at 972 (finding it "not unreasonable to believe" the offenses could have been established by separate and distinct facts "[g]iven the time span" of a few hours within the same day).

---

[12] Compare counts III and IV, where there was evidence that the batteries occurred on two different, specified dates. Tr. at 11-12.

Since a "reasonable possibility" requires "substantially more than a logical possibility" that the same evidentiary facts were used for both convictions, we cannot conclude that Bruce's convictions violated the Double Jeopardy clause. *Kunberger*, 46 N.E.3d at 972 (citing *Lee*, 892 N.E.2d at 1236).

Affirmed.

Mathias, J., and Bradford, J., concur.