PER CURIAM.
This case was remanded from the Florida Supreme Court in State v. Fleming, 61 So.3d 399 (Fla.2011), for a determination as to whether an Apprendi violation in connection with the appellant’s guidelines departure sentence was harmless error, where those reasons were not submitted for a jury finding. A review of the record indicates that there is no reasonable doubt that the jury would have found two of the stated departure reasons: permanent physical injury to the victim and an offense committed in order to prevent or avoid arrest. Therefore the Apprendi violation is harmless as to those two stated reasons and those reasons remain as permissible bases for the guidelines departure. Section 921.001(6), Florida Statutes, (Supp. 1994) requires that the appellant’s departure sentence be upheld.
Upon his conviction for aggravated battery, shooting within a building, and false imprisonment, the appellant was sentenced in 1997, well before the United States Supreme Court’s rulings in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The appellant was later resentenced after the Ap-prendi and Blakely decisions, and in State v. Fleming, supra, the Florida Supreme Court established that the Apprendi and Blakely rulings should have been applied in the resentencing proceeding. However, as the Florida Supreme Court had previously established in Galindez v. State, 955 So.2d 517 (Fla.2007), a violation of the Apprendi requirement that sentencing enhancement factors be determined by a jury may be harmless, if it appears beyond a reasonable doubt that a rational jury would have found the stated factors. See also Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006). In State v. Fleming, supra, the Florida Supreme Court remanded the present case to this court, for application of a harmless error analysis in accordance with Galindez.
At the trial in this case it was established that the offenses were committed while the appellant was visiting at the victim’s home. The appellant shot the victim and the bullet passed through the victim’s ear, producing what was described as a “big gaping hole.” It was further established that the appellant prevented the victim from leaving to obtain medical care until the victim agreed to a contrived explanation which would not implicate the appellant in the shooting. When the victim was finally able to leave, she went to a hospital where surgery was performed. The victim suffered permanent scarring at the site of the wound and a partial loss of hearing.
The trial court provided several reasons for its departure from the guidelines recommendation on resentencing, including the fact that the victim suffered permanent physical injury, and that the appellant committed an offense to avoid arrest or to impede or prevent prosecution. Upon consideration of the evidence presented at trial, in connection with the appellant’s defense and the jury’s verdict as to the charged crimes, it is clear that if those departure reasons had been submitted for a jury finding, the jury would also have found those sentencing factors. Even though the resentencing court pro *290 vided further departure reasons for which the Apprendi violation is not clearly harmless, the existence of any permissible departure reason requires that the departure sentence be upheld on appeal. See § 921.001(6), Fla. Stat. (Supp. 1994).
Accordingly, the trial court’s denial of the appellant’s Motion under Rule 3.800, Florida Rules of Criminal Procedure, in which the appellant raised the Apprendi-Blakely issue and sought another resen-tencing proceeding, is affirmed.
THOMAS and CLARK, JJ., concur; BENTON, C.J., dissents with opinion.