WARNER, J.
Yves Noel appeals an order summarily denying his rule 3.800(a) motion. He claims that his sentence for delivery of cocaine within 1000 feet of a school is illegal, because the jury failed to make an essential finding to support the increased punishment under section 893.13(l)(c)l. We affirm, as appellant is seeking a retroactive application of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
Following a jury trial, appellant was convicted of several offenses committed in May 1995, one of which was the first degree felony of delivery of cocaine within 1000 feet of a school, for which he was sentenced to thirty years in prison with a three-year mandatory minimum sentence. On direct appeal, this court reversed one of his other convictions, but otherwise affirmed. Noel v. State, 705 So.2d 648 (Fla. 4th DCA 1998). Since then, he has challenged his conviction and/or sentences by filing below a timely rule 3.850 motion and *244 at least three prior rule 3.800(a) motions, as well as an untimely rule 3.850 motion and a petition for writ of habeas corpus, all unsuccessful and the denials of which this court affirmed. It does not appear he raised the issue he raised in the instant motion in any of the prior filings.
In the instant motion, filed in January 2012, appellant pointed out that, with respect to count III, the statute requires that the offense occur between 6:00 a.m. and 12:00 a.m. § 893.13(l)(c)l., Fla. Stat. (1993). He acknowledges that he was so charged, but he claims there was no clear jury finding as to whether the offense occurred between 6:00 a.m. and 12:00 a.m. Therefore, he claims that the jury found him guilty in that count only of the second degree felony of delivery of cocaine and asked that his sentence for that offense be corrected to a maximum of fifteen years. The trial court summarily denied the motion.
The element of time of the offense is an essential element of the crime. Nevertheless, even if we were to agree that the element of the time of delivery is a sentencing factor as opposed to an element of the crime, his claim that the jury must make the finding beyond a reasonable doubt arises from Apprendi, in which the Supreme Court held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct. 2348. However, Apprendi does not apply retroactively to a sentence which became final before Apprendi was decided. Hughes v. State, 901 So.2d 837, 848 (Fla.2005).
Furthermore, any error in failing to submit the issue to the jury is subject to a harmless error analysis. See Galindez v. State, 955 So.2d 517, 522-23 (Fla.2007). Galindez recognized that certain pre-Apprendi decisions — State v. Estevez, 753 So.2d 1, 7 (Fla.1999); State v. Hargrove, 694 So.2d 729, 730 (Fla.1997); and State v. Overfelt, 457 So.2d 1385, 1387 (Fla.1984)— have been superseded by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (holding that failure to submit factual issues to the jury is subject to harmless error analysis). Appellant has failed to demonstrate that the alleged error in this case was not harmless.
In recognition of his numerous prior frivolous filings, by separate order we are warning appellant that abusive, repetitive, malicious, and/or other frivolous filing may result in sanctions, such as a bar on pro se filing in this court, and/or referral to prison officials for disciplinary procedures. See State v. Spencer, 751 So.2d 47 (Fla.1999); § 944.279(1), Fla. Stat. (2012).

Affirmed.

LEVINE and CONNER, JJ., concur.