BADALAMENTI, Judge. Tippy McCullough stole a 2013 Cadillac XTS out óf a car wash in Manatee County. McCullough’s theft precipitated a high-speed police chase, during which she struck—and caused the death of—a bicyclist. She now appeals her judgment and sentences after entering an open plea of no contest to leaving the scene of a crash with death, fleeing or eluding a law enforcement officer causing serious bodily injury or death, vehicular homicide, grand theft of a motor vehicle, resisting an officer without violence, and driving with a suspended license. See §§ 316,027(2)(c), .1935(3)(b), 322.34, 782.071(1)(a), 812.014, 843.02, Fla. Stat. (2015). The trial court sentenced her to imprisonment for an overall length of thirty years,[1] McCullough challenges her sentences for leaving the scene of a crash with death, fleeing or eluding a law enforcement officer causing serious bodily injury or death, and vehicular homicide (“homicide offenses”). McCullough’s overarching argument on appeal is that the trial court violated her double jeopardy protections by sentencing her for all three of the homicide offenses. She contends that she can be punished for only one of the homicide offenses because they all related to a single homicide-r-that of the bicyclist. McCullough’s argument invokes what we will refer to as the “single homicide rule”—a judicially created extension of the constitutional and statutory double jeopardy bar. It provides that although a defendant can be charged and convicted under multiple criminal statutes for conduct causing another’s death during one criminal episode, that ■ criminal defendant can only be punished once for that death. See State v. Cooper, 634 So.2d 1074, 1074-75 (Fla. 1994); Houser v. State, 474 So.2d 1193, 1197 (Fla. 1985); Rodriguez v. State, 875 So.2d 642, 645 (Fla. 2d DCA 2004). Bound by the supreme court’s Cooper decision, we hold that the trial court erred by sentencing McCullough for fleeing or eluding causing serious bodily injury or death and vehicular homicide, in contravention of the single homicide rule. We thus reverse and remand with, instructions for the trial court to vacate the vehicular homicide conviction and corresponding fifteen-year sentence. We affirm McCullough’s remaining convictions and sentences. Double Jeopardy Framework in Florida 1. Constitutional and Statutory Framework The Fifth Amendment to the U.S. Constitution and article I, section 9 of the Florida Constitution both protect individuals from being twice put in jeopardy for the same offense. A double jeopardy claim based upon undisputed facts presents a pure question of law, which we review de novo. Roughton v. State, 185 So.3d 1207, 1209 (Fla. 2016) (citing State v. Drawdy, 136 So.3d 1209, 1213 (Fla. 2014)). “The Double Jeopardy Clause presents no substantive limitation on the legislature’s power to prescribe multiple punishments, but rather, seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense.” Id. (quoting Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982)); accord Valdes v. State, 3 So.3d 1067, 1076 (Fla. 2009) (“[Tjhere is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal episode, as long as the Legislature intends such punishments.” (citing Hayes v. State, 803 So.2d 695, 699 (Fla. 2001))). The legislature has codified the double jeopardy bar within section 775.021(4)(a)-(b), Florida Statutes (2015). Section 775.021(4)(a)-(b) is, at its core, a recitation of the well-known Blockburger test. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (“[Wjhere the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied ... is whether each provision requires proof of a fact which the other does not.”). The Blockburger test is a rule of statutory construction which “serves as a means of discerning [legislative] purpose” only where there is no “clear indication of contrary legislative intent.” Albernaz v. United States, 450 U.S. 333, 340, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). The plain and ordinary language of section 775.021(4) unambiguously states that it is the legislature’s intent “to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity ... to determine legislative intent.” An individual who “commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively.” § 775.021(4)(a) (emphasis added). “[Ojffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.” Id.; see also Blockburger, 284 U.S. at 304, 52 S.Ct. 180. The legislature has prescribed three, and only three, exceptions to the statute’s aforementioned intent to punish for each criminal offense in the course of one criminal episode. The legislature does not intend to allow separate sentencing for related offenses (1) that “require identical elements of proof,” (2) that “are degrees of the same offense as provided by statute,” or (3) that “are lesser offenses the statutory elements of which are subsumed by the greater offense.” § 775.021(4)(b)(l)-(3). Accordingly, “[ajbsent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger test,” as set forth in section 775.021(4). Rodriguez, 875 So.2d at 644 (quoting Gordon v. State, 780 So.2d 17, 19-20 (Fla. 2001)). 2. Florida’s Single Homicide Rule The single homicide rule was birthed from cases where a single manslaughter caused by an offender’s operation of a motor vehicle was punished by two manslaughter statutes, one of which simply cross-referenced the other. See Phillips v. State, 289 So.2d 769, 770-71 (Fla. 2d DCA 1974) (reversing manslaughter by culpable negligence conviction because defendant was also convicted and sentenced for operating a motor vehicle while intoxicated, stating “[i]n any case, only one judgment and sentence is appropriate”); Carr v. State, 338 So.2d 267, 267 (Fla. 1st DCA 1976) (“[Ajppellant could be adjudged guilty of only the one manslaughter which the jury found he committed by both of the two means specified.”); Stewart v. State, 184 So.2d 489, 491 (Fla. 4th DCA 1966) (“[T]he jury found the defendant guilty in one count charging manslaughter by culpable negligence and in the other count charging manslaughter by the operation of a motor vehicle while intoxicated. The same person was killed as a result of each criminal act. The information charged only one offense.”).[2] The supreme court formally adopted the single homicide rule in its 1985 Houser decision. 474 So.2d at 1197. There, the defendant was convicted and sentenced for both DWI manslaughter and vehicular homicide. Id. at 1194. Applying the Block-burger test, the First District held that because DWI manslaughter and vehicular homicide “each requir[e] proof of an element which the other does not,” punishing Houser for both crimes was permissible. Id. at 1196. The supreme court disagreed with the First District’s analysis and reversed. The supreme court reasoned that although it is true the pairing of DWI manslaughter and vehicular homicide satisfy the Blockburger test, “Florida courts have repeatedly recognized that the legislature did not intend to punish a single homicide under two different statutes.” Id. at 1197. It thus held that double jeopardy principles bar punishing Houser for both DWI manslaughter and vehicular manslaughter for causing a single death. Id. at 1196-97. In so holding, the supreme court clarified that the single homicide rule applies regardless of whether two offenses satisfy the Blockburger test. Id. at 1197; McKay v. State, 925 So.2d 1133, 1134 (Fla. 2d DCA 2006) (remanding to postconviction court because the single homicide rule was violated, even though “vehicular homicide and third-degree murder require different elements of proof’). Since Florida’s statutory codification of the Blockburger test, courts have repeatedly reaffirmed the continuing viability of the single homicide rule. See State v. Chapman, 625 So.2d 838, 839-40 (Fla. 1993) (explaining that the.legislature’s codification of the Blockburger test did not affect its jurisprudence on the single homicide rule, holding that sentences for both DUI manslaughter and vehicular homicide violated the single homicide rule, and determining that section 775.021(4) did not abrogate Houser); Rodriguez, 875 So.2d at 645 (explaining that the single homicide “rule retains viability today”); Ivey v. State, 47 So.3d 908, 911 (Fla. 3d DCA 2010) (“Although the defendant’s criminal charges stem from two separate statutes, as stated in Houser and its progeny, we are convinced the Legislature did not intend to punish the single death here by two separate homicide convictions.”). - Thus, even if our analysis of the statutory elements of two homicide offenses satisfies the statutory- double jeopardy bar prescribed by the-legislature in section -775.021, we are bound to apply the single homicide rule, which affords a second tier of double jeopardy protection. See Chapman, 625 So.2d at 839-40; Rodriguez, 875 So.2d at 644-45 (citing Lawrence v. State, 801 So.2d 293, 294-95 (Fla. 2d DCA 2001) (en banc)). Double Jeopardy Analysis Against this backdrop, we apply the statutory Blockburger test set forth by our legislature in -section 775.021,. and the single homicide rule, to the pairings of offenses which McCullough challenges. 1, Vehicular Homicide and Leaving the Scene of a Crash with Death It is clear that vehicular homicide and leaving the scene of a crash with death do hot share the same elements. Vehicular homicide requires reckless operation of a vehicle, but leaving the scene of a crash with death does not' require that the vehicle be operated in-any particular manner. Compare § 782.071(l)(a) (vehicular homicide), with § 316,027(2)(c) (leaving the scene of a crash with death). Moreover, leaving the scene of a crash with death also' requires that a defendant willfully leave the scene of a crash, whereas vehicular homicide has no such element. Compare § 782.071(l)(a), with § 316.027(2)(c). Accordingly; these two offenses satisfy the statutory Blockburger test set forth in section 775.021(4). Lastly, the'two offenses are not degrees of the same offense, nor is one a lesser offense subsumed by the greater offense. § 775.021(4)(b)(2)-(3). Accordingly, McCullough’s convictions for vehicular homicide and leaving the scene of a crash with death satisfy the double jeopardy statute.[3] These two convictions also do not violate the single homicide rule. To establish the crime of leaving -the scene of a crash with death, the State need only prove that the defendant left the scene of a crash which resulted in death—not that the defendant caused • the death. § 316.027(2)(c) (requiring ■ only that the crash “results in the death of a person”). Our court has held that the single homicide rule only applies where both homicide offenses require the defendant to cause the death in question. See Lawrence, 801 So.2d at 295 (affirming convictions for DUI manslaughter and leaving the scene of a crash with death under the single homicide rale and reasoning that “although the offense of leaving the scene of an accident involving death requires a showing that the defendant , was involved in an accident resulting in death, it does not require a showing that the defendant actually caused the death”). Here, because vehicular homicide requires McCullough to actually cause a death and leaving the scene of. an accident with death does not, this pairing of offenses does not violate the single homicide rule. 2, Leaving the Scene of a Crash with Death and Fleeing or Eluding Causing Serious Bodily Injury or Death Fleeing or eluding causing serious bodily injury or death requires.the willful attempt to flee or elude a law enforcement officer in an authorized patrol vehicle. § 316,1935(3). Leaving the scene of a crash with death does not contain such an element and instead requires willfully leaving the scene of a crash with death. § 316.027(2)(c). It is clear that these two offenses each require proof of an element that the other does not. Furthermore, this pairing of offenses does not fall under either of the enumerated exceptions'in sections 775.021(4)(b)(2) or (b)(3) because the two offenses are not degrees of the same offense, nor is one a lesser offense subsumed by the greater offense. As such, McCullough’s convictions for leaving the scene of a crash with death and fleeing or eluding causing serious bodily injury' or death satisfy the statutory Blockburger test. § 775.021(4). Like the previous pairing, this pairing does not run afoul of the single homicide rule. To establish the crime of fleeing or eluding causing serious bodily injury or death, the State must prove that the defendant actually caused serious bodily injury or death. § 316.1936(3)(b). Ás we already explained, to establish the crime of leaving the scene with death, the State need only prove that the defendant left the scene of a crash which resulted in death, without having to prove that an offender caused the death, § 316.027(2)(c). Our decision in Lawrence again guides our 'conclusion. 801 So.2d at 295. We thus hold that sentencing McCullough for the crimes of leaving the scene with death and fleeing or eluding causing serious bodily injury or death satisfies the statutory Blockburger test and is not in contravention of the single homicide rule.[4] 3. Vehicular Homicide and Fleeing or Eluding Causing Serious Bodily Injury or Death We now arrive at the final pairing of offenses—second-degree vehicular homicide and fleeing or eluding causing serious bodily injury or death. We hold that McCullough’s sentences for both second-degree vehicular homicide and fleeing or eluding violate the single homicide rule.[5] Fleeing or eluding causing serious bodily injury or death requires that the defendant willfully flee or attempt to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding, the defendant (1) drives at a high speed or in any manner demonstrating a wanton disregard for the safety of persons or property, and (2) causes serious bodily injury or death to another person. § 316.1935(3)(b). Vehicular homicide requires that the defendant (1) kill a human being, (2) by the operation of a motor vehicle, (3) in a reckless manner likely to cause death or great bodily harm to another. § 782,Ó71(l)(a)'. “ In Cooper the supreme court approved of the Fifth District’s holding that convictions for DUI manslaughter and driving while license suspended (DWLS) causing death or serious bodily injury violated the single homicide rule. 634 So.2d at 1074-75. The DWLS statute at issue in Cooper contained language which is congruent to the fleeing or eluding statute here—the defendant must have caused “death of or serious bodily injury to another.” See Cooper v. State, 621 So.2d 729, 732 (Fla. 5th DCA 1993) (quoting § 322.34(3), Fla. Stat. (1991)), approved, 634 So.2d 1074 (Fla. 1994). The supreme court in Cooper paid no mind that DWLS causing death or serious bodily injury does not necessarily require that the offender cause the death of another. That is, the same crime can be committed if the offender causes serious bodily injury, not death. The Cooper court invoked the single homicide rule to reverse the sentence relating to DWLS causing death or serious bodily injury, even though DWLS causing death or serious bodily injury does not require death. We can discern no meaningful difference between DWLS causing death or serious bodily injury at issue in Cooper and the fleeing and eluding “caus[ing] serious bodily injury or death to another.” § 316.1935(3)(b) (emphasis added). According to the rationale in Cooper, that section 316.1935(3)(b) does not necessarily require that an individual cause the death of another to satisfy a prima facie case does not preclude it from being characterized as a “homicide” for the purpose of the single homicide rule. Indeed, the Cooper defendant caused the death of an individual and was convicted under a statute where death was not required to sustain a conviction—DWLS causing death or serious bodily injury. Here, like the Cooper defendant, McCullough committed one homicide and was sentenced for two homicide offenses—vehicular homicide and fleeing or eluding causing serious bodily injury or death. Because McCullough was punished twice for causing the same death, we are compelled by supreme court precedent to hold that this pairing of convictions places McCullough in double jeopardy. See Cooper, 634 So.2d at 1075; Houser, 474 So.2d at 1197; Linton v. State, 212 So.3d 1100, 1102 (Fla. 5th DCA 2017); cf. Rodriguez, 875 So.2d at 645. We are mindful that McCullough could have committed fleeing or eluding causing serious bodily injury or death even if the bicyclist did not die but rather suffered a serious bodily injury. But that mechanical, same-elements analysis is not appropriate to determine a violation of the protections of the single homicide rale. Just as in Cooper, McCullough was charged and sentenced pursuant to two statutes, one of which required causation of a death as a necessary element in all circumstances (vehicular homicide) and a second which could have been charged without any death (fleeing or eluding causing serious bodily injury or death). See §§ 316.1935(3)(b), 782.071(l)(a). We find no meaningful way to distinguish Cooper from the present case and thus are bound by its rationale.[6] See Linton, 212 So.3d at 1103; cf. Crusaw v. State, 195 So.3d 422, 422 (Fla. 1st DCA 2016) (concluding that Cooper is controlling and holding that trial court erred by sentencing a defendant for both vehicular homicide and careless driving with suspended license causing death or serious bodily injury). But see McKinney v. State, 51 So.3d 645, 648 (Fla. 1st DCA 2011) (affirming the trial court’s punishment of a defendant for both fleeing or eluding causing serious bodily injury or death and third-degree murder under both section 775.021(4) and the single homicide rule, even if it was based on a single homicide). We discern that the First District has been hesitant to apply the single homicide rule to fleeing or eluding causing serious bodily injury or death. In McKinney, the trial court sentenced McKinney for both third-degree murder and fleeing or eluding causing serious bodily injury or death. Id. at 646-47. On appeal, the First District reasoned that because fleeing or eluding causing serious bodily injury or death does not necessarily require a homicide, it is not a “homicide offense.” Id. at 648. Thus, the McKinney court, conducting a Blockbur-ger-type same-elements analysis, held that the single homicide rule is inapplicable where death is not the only means by which an offender may violate a statute, even if a single death resulted. Id. at 648-49. In so doing, the McKinney court did not consider Cooper and instead relied upon Houser and other appellate decisions reversing under the single homicide rule, where the pertinent statutes could only have been violated if the offender caused death. Id. at 647-48 (citing, inter alia, Houser, 474 So.2d at 1196-97; McKay, 925 So.2d at 1134; Rodriguez, 875 So.2d at 642). Furthermore, the McKinney court did not adhere to the plain and ordinary language of section 775,021(4)(a), which only bars consideration of an “accusatory pleading” or “the proof adduced at trial” when a court is looking at two offenses and trying to decide “if each offense requires proof of an element that the other does not.” (Emphasis added.) No part of section 775.021 instructs courts to utilize the single homicide rule as though it were the statutory Blockburger test. On the contrary, Chapman made clear that the statutory codification of the Blockburger test did not affect our supreme court’s jurisprudence on the single homicide rule. 625 So.2d at 839-40. In other words, the McKinney court erred because it tried to import the alternative conduct analysis of section 775.021(4)(a) into its independent analysis of the single homicide rule. But to hold that the alternative conduct analysis of the statutory Blockburger test also applies to the single homicide rule is the same as holding that there is no single homicide rule at all. Confusion as to the applicability of the same elements test set forth in section 775.021(4) to the single homicide rule is evident in the case law. Compare McKinney, 51 So.3d at 647-48, with Crusaw, 195 So.3d at 422. Accordingly, we certify conflict with McKinney because we do not believe that principles from the statutory Blockburger test impact our supreme court’s jurisprudence on the single homicide rule. We agree with the Linton decision, where the Fifth District applied Cooper to hold that convictions for fleeing or eluding causing serious bodily injury or death and DWLS causing death or serious bodily injury violate the single homicide rule. See Linton, 212 So.3d at 1102. Bound by Cooper, we hold that the sentencing court erred by punishing McCullough for both vehicular homicide and fleeing or eluding causing serious bodily injury or death. Conclusion The trial court erred by punishing McCullough for both her convictions for vehicular homicide and fleeing or eluding causing serious bodily injury or death because it violated the single homicide rule. Because fleeing or eluding causing serious bodily injury or death is a first-degree felony, we reverse and remand with instructions for the trial court to vacate the lesser, second-degree felony of vehicular homicide. See Cooper, 621 So.2d at 732. We affirm, however, McCullough’s conviction as-to leaving the scene of a crash with death, as its pairing with either of the. two aforementioned offenses does not constitute double jeopardy. Because we have affirmed her thirty-year sentence for leaving the scene of a crash with death,McCullough’s sentence of imprisonment for an overall length of thirty' years will remain unchanged. We affirm McCullough’s remaining convictions and sentences. We also instruct the trial court to correct a scrivener’s error in the judgment to clarify that McCullough’s conviction for leaving the scene of a crash with death was pursuant to section 316.027(2)(c), not section 316.027(l)(b). See Mosely v. State, 688 So.2d 999, 999-1000 (Fla. 2d DCA 1997). Affirmed in part; reversed in part and remanded with instructions; conflict certified. SILBERMAN, J., Concurs with opinion. SLEET, J., Concurs with opinion. . Although the parties do not dispute that McCullough was charged with and pleaded no contest to leaving the scene of a crash with death pursuant to section 316.027(2)(c), we note that the information and judgment, list section 316.027(l)(b) as the appropriate statute. This mistake appears to be due to a recent statutory reorganization. See ch. 2014-225, § 2, at 1-4, Laws of Fla. But this citation error is of no consequence because McCullough pleaded no contest to all necessary elements of this offense and was advised of the statutory maximum of thirty years’’ imprisonment during the change-of-plea colloquy. See Mosely v. State, 688 So.2d 999, 999-1000 (Fla. 2d DCA 1997) (“Because the information recited the appropriate factual description ... we treat the citation'to the incorrect statute as a scrivener’s error and remand this case for correction of the judgment .... ”). . When Phillips was decided, the statute which criminalized "operating a motor vehicle while intoxicated” stated that a death resulting from such operation was “manslaughter” and was to be punished "by existing law relating to manslaughter.” White v. State, 666 So.2d 895, 896 n.1 (Fla. 1996) (quoting § 860.01(2), Fla. Stat. (1975)). . In this case, vehicular homicide was not reclassified into a first-degree felony for failure to remain at the scene and comply with Florida’s statutory information-giving and aid-giving duties. See § 782.071(l)(b). If it had been so reclassified, these two convictions would have created double jeopardy. See Haag v. State, 67 So.3d 351, 352 (Fla. 2d DCA 2011); Hunt v. State, 769 So.2d 1109, 1110 (Fla. 2d DCA 2000); Colon v. State, 53 So.3d 376, 378-79 (Fla. 5th DCA 2011); Ivey v. State, 47 So.3d 908, 911 (Fla. 3d DCA 2010); cf. Kelly v. State, 987 So.2d 1237, 1239 (Fla. 2d DCA 2008) (holding that reclassification to driving without a valid license with serious bodily injury created double jeopardy violation, where defendant was also sentenced for D.UI with serious bodily injury). . The legislature has clearly expressed its intent to allow for the crime of fleeing or eluding causing serious bodily injury or death to be charged together with leaving the scene of a crash with death, so long as the defendant was in the course of leaving the scene when they began to flee. § 316.1935(4)(b). McCullough was not, however, charged under section 316.1935(4)(b). . Unlike the prior two offense pairings, we need not conduct a section 775,021(4) double jeopardy analysis for this pairing because reversal is mandated mnder the single homicide rule. . It is unclear whether Cooper will remain good law based on our supreme court’s rationale in Valdes v. State, 3 So.3d 1067, 1077 (Fla. 2009), where the supreme court dispensed with the judicially created "primary” or "same evil test,” which is akin to die judicially created single homicide rule. That said, we are compelled to follow Cooper because the supreme court does not intentionally overrule its prior precedent sub silentio. See Puryear v. State, 810 So.2d 901, 905 (Fla. 2002).