DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEX LUGARD EUGENE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-992 and 4D19-1281

[April 15, 2020]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 50-2016-CF-001434-AXXX-MB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Lex Lugard Eugene ("Appellant") appeals his judgments and sentences entered after a jury found him guilty of vehicular homicide; fleeing or attempting to elude an officer causing serious bodily injury or death; operating a motor vehicle carelessly or negligently causing death or serious injury without having a driver's license; and resisting an officer without violence. The state cross-appeals the trial court's order dismissing the count charging fleeing or attempting to elude an officer causing serious bodily injury or death, based on the single homicide rule.

Appellant argues that the trial court erred in prohibiting evidence of the arresting police agency's policy against high-speed vehicle pursuits and evidence of an internal investigation of the officer involved in the high-speed chase leading to Appellant's arrest. We affirm the trial court's rulings on those evidentiary issues without discussion. We also affirm the trial court's dismissal of the count charging Appellant with fleeing or attempting to elude an officer causing serious bodily injury or death and explain our reasoning.

*Background*

While waiting to turn onto the same road Appellant was travelling, a police officer in uniform driving a marked police vehicle noticed that Appellant was speeding. The officer ran the license plate and saw that the tag was expired, but was unable to effectuate a traffic stop at the time. However, ten minutes later, he saw Appellant's vehicle in a convenience store parking lot. As the officer pulled into the parking lot, Appellant's vehicle "took off." Appellant increased his speed as he was pursued, causing the officer to drive sixty miles an hour in order to catch up to him.

When the officer activated his overhead lights, Appellant's vehicle again accelerated and then crossed over double lines into oncoming traffic to pass another vehicle. At that point, the officer activated his sirens. After Appellant's vehicle successfully passed the other vehicle, Appellant attempted to make an abrupt right-hand turn down a side street and lost control of his vehicle. Appellant's vehicle left the roadway, crossed a curbed sidewalk, smashed through a chain-link fence, and came to a stop in a dirt field. Appellant then exited the vehicle and attempted to climb over another chain-link fence, but when he was unable to do so, he began running through the field. The pursuing officer was unable to make the abrupt turn to chase Appellant's vehicle, but backup officers arrived and were able to apprehend Appellant.

In the course of driving off the roadway and into the field, Appellant ran over and killed a five-year-old child.

A jury found Appellant guilty of vehicular homicide; fleeing or attempting to elude an officer causing serious bodily injury or death; operating a motor vehicle carelessly or negligently causing death or serious injury without having a driver's license; and resisting an officer without violence. At sentencing, the trial court dismissed the fleeing or attempting to elude an officer causing serious bodily injury or death count, based on the single homicide rule. The state stipulated to dismissal of the count charging operating a motor vehicle carelessly or negligently causing death or serious injury without having a driver's license, also pursuant to the single homicide rule. After Appellant was sentenced to prison, he gave notice of appeal.

*Appellate Analysis*

At sentencing, the trial court first addressed as a "double jeopardy" issue raised by Appellant whether dual convictions for vehicular homicide

and fleeing or attempting to elude an officer causing serious bodily injury or death violated the single homicide rule. Appellant relied on *McCullough v. State*, 230 So. 3d 586 (Fla. 2d DCA 2017), where the Second District found that the defendant's convictions for vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death violated the single homicide rule. *Id.* at 593. The state relied on *McKinney v. State*, 51 So. 3d 645 (Fla. 1st DCA 2011), and argued that fleeing or attempting to elude an officer causing serious bodily injury or death is a non-homicide offense, and therefore, it could not be a crime that violated the single homicide rule. The trial court commented that guidance from this Court was needed, but relied on *McCullough* in dismissing the count, since it was the more recent case. The trial court's verbal dismissal of the fleeing or attempting to elude count was followed by a written order citing to *McCullough.*

"A double jeopardy claim based upon undisputed facts presents a pure question of law, which we review de novo." *McCullough*, 230 So. 3d at 590.

In *McCullough*, the defendant stole a car which precipitated a high-speed police chase, during which she struck and killed a bicyclist. *Id.* at 589. On appeal, she challenged the trial court's ability to sentence her on vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death, contending that sentencing her on both counts violated her double jeopardy protections and the single homicide rule, since there was only one death. *Id.* The Second District described the "single homicide rule" as "a judicially created extension of the constitutional and statutory double jeopardy bar." *Id.* After an extensive examination of the case law surrounding the development of the rule and double jeopardy analysis in Florida, the Second District held that the defendant's conviction for fleeing or attempting to elude an officer causing serious bodily injury or death in addition to vehicular homicide violated the single homicide rule, resulting in double jeopardy. *Id.* at 593. The Second District remanded the case for the trial court to vacate the lesser felony offense of vehicular homicide, leaving the fleeing or attempting to elude conviction undisturbed. *Id.* at 595-96. In so holding, the Second District relied principally on our supreme court's opinions in *State v. Cooper*, 634 So. 2d 1074, 1074-75 (Fla. 1994), and *Houser v. State*, 474 So. 2d 1193, 1197 (Fla. 1985). *Houser* and *Cooper* are considered the primary case law sources for the single homicide rule.

In *McCullough*, the Second District also certified conflict with *McKinney*, the case the state relied upon at Appellant's sentencing. In *McKinney*, the defendant argued that his convictions for third-degree murder (using the fleeing offense as the underlying felony to support third-degree murder)

and fleeing or attempting to elude an officer causing serious bodily injury or death violated the single homicide rule. 51 So. 3d at 646. The First District disagreed, finding that because fleeing or attempting to elude an officer causing serious bodily injury or death could be satisfied by causing either death *or* serious bodily injury, the fleeing offense was "not a homicide offense." *Id.* at 648. Because the fleeing offense did not necessarily require death, the First District concluded the single homicide rule did not apply to the defendant's case. *Id.* The court reasoned that because the fleeing offense could be committed in situations where the fleeing causes serious bodily injury, that inclusion "distinguishe[d] fleeing or eluding from DWI manslaughter, which the supreme court held in *Houser* to be a homicide offense rather than an enhancement to the penalty for DWI because death was an element of the offense." *Id.*

Significantly, the *McCullough* decision noted that the case law on the issue in the First District was seemingly conflicting. 230 So. 3d at 595. In 2016, after *McKinney* was issued, the First District decided *Crusaw v. State*, 195 So. 3d 422 (Fla. 1st DCA 2016), in which it held that dual convictions for vehicular homicide and careless driving with a suspended license resulting in death or serious bodily injury violated double jeopardy, citing the supreme court *Cooper* decision as controlling. *Id.* at 422-23. Although the *Crusaw* decision did not mention the single homicide rule, its reliance on *Cooper* makes clear that the rule was applied. Notably, *Crusaw* made no mention of *McKinney*.

Further demonstrating the intradistrict conflict is the First District's decision in *Daniel v. State*, 271 So. 3d 1214 (Fla. 1st DCA 2019). In *Daniel*, the First District itself noted the conflict between *McKinney* and *Crusaw*, and determined that *Crusaw* was the controlling law in the district, because it was the later decision in time. *Id.* at 1215 n.3. Important to this appeal, the defendant in *Daniel* was sentenced on vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death, where there was only one death. *Id.* at 1214. The First District vacated the fleeing or eluding an officer causing serious bodily injury or death conviction and remanded the case for entry of a judgment on the lesser included offense of fleeing or attempting to elude and resentencing. *Id.* at 1215-16. The First District cited *Cooper, Houser, Crusaw,* and *McCullough* as authority for its decision. *Id.* at 1215. Thus, it appears *McKinney* is no longer good law in the First District.

Although we have never directly addressed the issue of whether dual convictions for vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death violates the single homicide rule when there is only one death, we have applied the single homicide

4

rule in cases where a defendant was charged with second degree murder and driving while license suspended causing death, and where a defendant was charged with vehicular homicide and driving while license suspended involving death. *See Thomas v. State*, 837 So. 2d 443, 447 (Fla. 4th DCA 2002); *Pierce v. State*, 718 So. 2d 806, 810 (Fla. 4th DCA 1997). We perceive no reason to treat cases charging vehicular homicide and driving with suspended license resulting in death offenses together differently from cases charging vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death offenses together.

We note that the issue of whether dual convictions for vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death violate the single homicide rule is currently before our supreme court on a certified question of great public importance. *See State v. Maisonet-Maldonado*, No. SC19-1947, 2019 WL 6693244 (Fla. Dec. 9, 2019). Until the supreme court clarifies the law, we align ourselves with the First, Second, and Fifth Districts and hold that dual convictions for vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death violate the single homicide rule when committed in the same criminal episode causing one death.

*Affirmed.*

FORST, J., and GILLESPIE, KENNETH, Associate Judge, concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

5