DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEX LUGARD EUGENE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-992 and 4D19-1281

[February 10, 2021]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 50-2016-CF-001434-AXXX-MB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

CONNER, J.

We grant the state's motion for rehearing, withdraw our opinion dated April 15, 2020, and issue the following in its place.

Lex Lugard Eugene ("Appellant") appeals his judgments and sentences entered after a jury found him guilty of: vehicular homicide; fleeing or attempting to elude an officer causing serious bodily injury or death; operating a motor vehicle carelessly or negligently causing death or serious injury without having a driver's license; and resisting an officer without violence. The state cross-appeals the trial court's order dismissing the count charging Appellant with fleeing or attempting to elude an officer causing serious bodily injury or death, based on the single homicide rule.

Appellant argues that the trial court erred in prohibiting evidence of the arresting police agency's policy against high-speed vehicle pursuits and evidence of an internal investigation of the officer involved in the high-

speed chase leading to Appellant's arrest. We affirm the trial court's rulings on those evidentiary issues without discussion. Because our supreme court has recently rendered its opinion answering a certified question of great public importance concerning whether the single homicide rule has continued viability in Florida, we reverse the trial court's dismissal of the count charging Appellant with fleeing or attempting to elude an officer causing serious bodily injury or death.

*Background*

While waiting to turn onto the same road Appellant was traveling, a uniformed police officer driving a marked police vehicle noticed that Appellant was speeding. The officer ran the license plate and saw that the tag was expired, but the officer was unable to effectuate a traffic stop at the time. However, ten minutes later, he saw Appellant's vehicle in a convenience store parking lot. As the officer pulled into the parking lot, Appellant's vehicle "took off." As the officer pursued him, Appellant increased his speed well in excess of the posted speed limit on a busy street.

When the officer activated his overhead lights, Appellant's vehicle again accelerated and then crossed over double lines into oncoming traffic to pass another vehicle. At that point, the officer activated his sirens. After Appellant's vehicle successfully passed the other vehicle, Appellant attempted to make an abrupt right-hand turn down a side street and lost control of his vehicle. Appellant's vehicle left the roadway, crossed a curbed sidewalk, smashed through a chain-link fence, and came to a stop in a dirt field. While driving out of control, off the roadway, and into the field, Appellant ran over and killed a five-year-old child. Appellant then exited the vehicle and attempted to climb over another chain-link fence, but when he was unable to do so, he began running through the field. The pursuing officer was unable to make the abrupt turn to chase Appellant's vehicle, but backup officers arrived and were able to apprehend Appellant.

A jury found Appellant guilty as charged. At sentencing, the trial court dismissed the fleeing or attempting to elude an officer causing serious bodily injury or death count, based on the single homicide rule. Additionally, the state stipulated to dismissal of the count charging Appellant with operating a motor vehicle carelessly or negligently causing death or serious injury without having a driver's license, also pursuant to the single homicide rule. After Appellant was sentenced to prison, he gave notice of appeal and the state cross-appealed.

*Appellate Analysis*

At sentencing, the trial court first addressed the issue raised by Appellant, ruled as a "double jeopardy" issue, of whether dual convictions for vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death violated the single homicide rule. Appellant relied on *McCullough v. State*, 230 So. 3d 586 (Fla. 2d DCA 2017), where the Second District found that the defendant's convictions for vehicular homicide and fleeing or attempting to elude an officer causing serious bodily injury or death violated the single homicide rule. *Id.* at 593. The state relied on *McKinney v. State*, 51 So. 3d 645 (Fla. 1st DCA 2011), and argued that fleeing or attempting to elude an officer causing serious bodily injury or death is a non-homicide offense, and therefore, it could not be a crime that violated the single homicide rule. The trial court commented that guidance from this Court was needed, but relied on *McCullough* in dismissing the count, since it was the more recent case. The trial court's verbal dismissal of the fleeing or attempting to elude count was followed by a written order citing to *McCullough*. In deciding *McCullough*, the Second District placed considerable reliance on our supreme court's opinions in *Houser v. State*, 474 So. 2d 1193 (Fla. 1985),[1] and *State v. Chapman*, 625 So. 2d 838 (Fla. 1993).[2] 230 So. 3d at 591.

"A double jeopardy claim based upon undisputed facts presents a pure question of law, which we review de novo." *Id.* at 590.

In *State v. Maisonet-Maldonado*, No. SC19-1947, 2020 WL 7250995 (Fla. Dec. 10, 2020), our supreme court answered the following question, certified by the Fifth District as a matter of great public importance, in the negative:

> DOES THE "SINGLE HOMICIDE" RULE FOUND IN *HOUSER V. STATE*, 474 SO. 2D 1193 (FLA. 1985), PRECLUDE SEPARATE CONVICTIONS OF VEHICULAR HOMICIDE AND FLEEING AND ELUDING CAUSING SERIOUS INJURY OR DEATH THAT INVOLVE THE SAME VICTIM?

---

[1] In *Houser*, the supreme court formally adopted the single homicide rule. 474 So. 2d at 1197.

[2] In *Chapman*, the supreme court determined that the 1988 amendment to section 775.021, Florida Statutes, did not supersede *Houser* and that the single homicide rule was still the law in Florida. 625 So. 2d at 839.

*Id.* at *1. The court examined the case law evolution of the single homicide rule with particular focus on the impact of the 1988 legislative amendment to section 775.021, Florida Statutes. *Id.* at *3-4. The court noted the 1988 amendment clarified "the principle of lenity should not be applied in a double jeopardy analysis." *Id.* at *3. After analyzing the wording of the statute, our supreme court determined:

> After the 1988 amendment, the plain language of section 775.021 clearly expresses that offenses which pass the codified *Blockburger* test[3] should be punished separately and that there is no exception for offenses arising from a single death. Accordingly, we conclude that the 1988 amendment to section 775.021 superseded our decision in *Houser*, and our decision in *Chapman* holding otherwise was wrongly decided.

*Id.* at *4. Ultimately, the court held "that the single homicide rule is no longer applicable under Florida law." *Id.*

Because the trial court relied on judicial precedent regarding the single homicide rule that our supreme court has now determined is no longer applicable, we reverse the trial court's dismissal of the fleeing and eluding charge, which the jury determined the state proved beyond a reasonable doubt. We remand the case for the trial court to proceed with sentencing on that charge.

*Affirmed in part, reversed in part and remanded for further proceedings.*

FORST and KLINGENSMITH, JJ., concur.[4]

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] In *Blockburger v. United States*, 284 U.S. 299 (1932), the United States Supreme Court created the "same-elements" test for double jeopardy analysis, which was subsequently codified in section 775.021(4), Florida Statutes. *See Ready v. State*, 183 So. 3d 1234, 1238 (Fla. 4th DCA 2016).

[4] Judge Klingensmith did not participate in oral argument before this court, but has had the opportunity to review the case on remand.